Madden, Judge,
delivered the opinion of the court:
In oiir decision and opinion of March 1, 1961, ante, pp. 648-649, we discussed the Government’s defense of the statute of limitations as to the plaintiff’s claims for the recovery of taxes paid by it for the years 1946 and 1947. We said that when the taxpayer and the Commissioner of Internal Eevenue had made a suspension agreement as authorized by section 3774(b) (2) of the Internal Eevenue Code of 1939, the suspension would terminate and the statute of limitations would again begin to run, in the case of a settle *673 ment of the test case, when the taxpayer had notice of the settlement.
In the instant case fifteen days of the statutory period were unexpired when the suspension agreement was made. The stipulated judgment in the test case was entered on December 5, 1957. On January 13, 1958, the plaintiff learned by telephoning the office of the clerk of the court that the test case had been closed on December 5. On J anuary 16, the plaintiff wrote to the Commissioner of Internal Revenue quoting from the text of the stipulated judgment in that case. The above facts appear from copies of documents furnished by the plaintiff to Government counsel after our decision in this case.
The plaintiff’s petition was filed on February 3, 1958. Counting back 15 days from that date, we find January 19 to be the last date for the lifting of the suspension which would make the plaintiff’s petition timely. But as we have seen, the plaintiff had knowledge, at least as early as J anuary 16, of the final termination of the test case. It follows that Texaco’s suit, as to its taxes for the years 1946 and 1947, is barred by the statute of limitations.
Finding 22 relating to cases 49-58 and 50-58 of the decision of March 1, 1961, p. 664, is hereby amended by the addition of the following four paragraphs:
On January 13, 1958, Mr. W. G. Dore, of plaintiff’s Legal Department, telephoned the Newark office of the United States District Court for the District of New Jersey, which court had decided the Barber Oil case, to ascertain the current status of that case. He was told that the case had been closed on December 5, 1957, and that the original docket sheet had been sent to the Trenton office of the District Court.
At the request of Mr. J. F. Birmingham, also of plaintiff’s Legal Department, Mr. Dore telephoned the Trenton office of the court, in order to learn what papers, incident to the closing of the case, were available. He was informed that he could obtain a copy of the stipulation filed by the parties.
On January 16, 1958, Mr. W. R. Young, of plaintiff’s Legal Department, wrote two letters to the Commissioner of Internal Revenue, requesting reopening of its claims for refund for the years 1946 and 1947. In these letters, Mr. Young called attention to the stipulation *674 filed on December 5, 1957. Mr. Young quoted the following paragraph from that stipulation:
The above-entitled action having been settled by agreement of the parties, it is hereby stipulated that the same may be dismissed with prejudice, each party to bear his own costs.
The Director of the Audit Division of the office of the Commissioner of Internal Revenue acknowledged receipt of Mr. Young’s letters on January 28, 1958. Plaintiff filed its petition in this court on February 3, 1958.
Plaintiff Texaco Inc.’s petitions in cases 49-58 and 50-58 will therefore be dismissed, and our decision and findings of March 1, 1961, are amended accordingly. Defendant’s motion for rehearing and new trial as to cases 327-58 and 328-58 is denied.
It is so ordered.
Reed, Justice (Bet.), sitting by designation; Dtjreee, Judge; LaRamoke, Judge; and JoNes, OMef Judge, concur.
ORDER
These cases come before the court on plaintiff’s motion, filed May 31, 1961, for reconsideration of the court’s opinion of May 3, 1961, ante, p. 672, which opinion amended the court’s decision of March 1, 1961, ante, p.638, in these cases, together with defendant’s response. Upon consideration thereof,
It is ordered this nineteenth day of July, 1961, that the order of May 3, 1961, dismissing plaintiff’s petition in Case No. 50-58, be and the same is vacated and withdrawn and the order of Mai’ch 1, 1961, granting judgment for plaintiff with the amount thereof to be determined pursuant to Rule 38(c) is hereby re-entered, and
It is further ordered that Finding 22 relating to cases 49-58 and 50-58 of the decision of March 1,1961, ante, p. 664, as amended by the opinion of May 3, 1961, be and the same is further amended to read as follows:
22. Plaintiff and the Commissioner of Internal Revenue entered into an agreement to suspend the running of the statute of limitations applicable to the claim for *675 refund for 1946. This agreement became effective on June 8, 1956. A similar agreement for 1947 became effective on September 12, 1956. Copies of these agreements are attached as Exhibits 10 and 11 to the stipulation filed by the parties, by reference made a part of these findings. They refer to Barber Oil Corp. v. Manning, 135 F. Supp. 451, which was settled by agreement of the parties and dismissed upon their stipulation approved by the court on December 4, 1957. A copy of the stipulation is attached as Exhibit 12 to the stipulation filed by the parties, by reference made a part of these findings.
On January 13, 1958, Mr. W. G. Dore, of plaintiff’s Legal Department, located in New York, telephoned the Newark office of the United States District Court for the District of New Jersey, which court had decided the Barber Oil case, to ascertain the current status of that case. He was told that the case had been closed on December 5, 1957, and that the original docket sheet had been sent to the Trenton office of the District Court.
At the request of Mr. J. F. Birmingham, also of plaintiff’s Legal Department, Mr. Dore telephoned the Trenton office of the court, in order to learn what papers, incident to the closing of the case, were available. He was informed that he could obtain a copy of the stipulation filed by the parties.
Also on J anuary 13, Mr. Birmingham telephoned Mr. Cone of the American Merchant Marine Institute, which was located in New York, to learn more of what had happened in the Barber Oil case. Mr. Cone telephoned counsel for Barber Oil, who were located in Philadelphia, Pennsylvania, and who, also on January 13, wrote to Mr. Cone informing him that, on December 5, 1957, a stipulation for dismissal had been filed, with the approval of the court, in the Barber Oil case¡ The letter from Barber’s counsel quoted the following paragraph from that stipulation:
“The above-entitled action having been settled by agreement of the parties, it is hereby stipulated that the same may be dismissed with prejudice, each party to bear his own costs.”
In a letter, dated March 24, 1961, to Mr. Lyle M. Turner of the Department of Justice, Mr. George E. McMurray, Jr., of counsel for the plaintiff herein, stated that the plaintiff “probably obtained a copy” of the letter to Mr. Cone on January 15, 1958.
On J anuary 16, 1958, Mr. W. R. Young, of Plaintiff’s Legal Department, wrote two letters to the Commissioner *676 of Internal Revenue, requesting reopening of its claims for refund for the years 1946 and 1947. In these letters, Mr. Young called attention to the aforementioned stipulation. Mr. Young quoted the above paragraph from that stipulation.
The Director of the Audit Division of the office of the Commissioner of Internal Revenue acknowledged receipt of Mr. Young’s letters on January 28, 1958. Plaintiff filed its petition in this court on February 8,-1958.
Plaintiff’s motion for reconsideration as to case No. 49-58 is hereby denied.
By the Court.
J. WARREN MADDEN,

Acting Chief Judge